STATE ex KUEHNER v POLING

Ohio Appeals, 2nd Dist, Darke Co

No 476.   Decided Jan 24, 1935

Thomas, Hyer, Leyland & Stewart, Dayton, for relator.

Wilbur D. Spidel, Greenville, for defendant.

## OPINION

By KUNKLE, J.

The case was submitted to this court at its recent session in Greenville and the letter written by counsel for relator to such Justice was introduced in evidence. It was also agreed that a copy of the docket of the Justice of the Peace should be submitted if desired.

The pleadings show that the summons for relator was addressed to any constable of

Jackson Township, Auglaize County, Ohio and that the same was served by the constable of Jackson Township, Auglaize County, Ohio.

Counsel for Duvall were evidently proceeding upon the theory that §10235-1 GC was applicable.

This section provides that a summons may issue to any other township in any adjoining county against one or more of the defendants, at the plaintiff's request and directed to the constable of such township.

The motion asks that the service of summons be quashed.

The answer of defendant states that Auglaize County is an adjoining county to Darke County.

The reply of the relator contains certain admissions but there is no admission in reference to the statement that Auglaize County is an adjoining county to Darke County and denies each and every allegation of the answer not specifically admitted.

No testimony was offered upon this subject. The allegation in the answer to the effect that Auglaize County is an adjoining county is by the reply of relator denied and the burden was therefore upon the defendant to prove such allegation in the answer.

There is no evidence before the court as to whether Darke and Auglaize are adjoining counties and while it is not within the province of the court to supply evidence, yet through curiosity, we have referred to a map of Ohio found in the New Reference Atlas of the World and according to this map Darke and Auglaize County are not adjoining counties. There is shown on this map a loop which seems to prevent the two counties from adjoining by a very slight distance.

Counsel have submitted very exhaustive briefs covering various questions and have cited a number of authorities in support of their respective contentions.

When these authorities are analyzed and the facts upon which they are based are considered, we find no real conflict therein.

In our opinion, the controlling questions in this case are determined by the decision of our Supreme Court in the case of **Klein v Lust, 110 Oh St, 197.**

This Court of Appeals, sitting in Franklin County, certified that case to the Supreme Court because of apparent conflict between our decision and that of the Fifth Appellate District. The syllabus of this case is determinative of the main issues discussed herein.

The first paragraph of the syllabus is as follows:

"1. By the provisions of §6308, GC, prior to the amendment of that section on March 8, 1923, a person injured by the negligent operation of an automobile could maintain an action against the owner of such automobile before a justice of the peace holding office in the township where such injured person resides, though such owner be a resident of another township or even of another county, and though service of summons be not made in the township where such justice of the peace holds office."

"2. In such case summons can only be regularly served by the sheriff of the county of the defendant's residence.

"3. Sec 6308, GC, does not enlarge the general jurisdiction of trial courts, but on the contrary is a venue statute which merely enlarges the geographic boundaries for the exercise of the general jurisdiction conferred upon such courts by other statutes."

Sec 6308 GC has been amended since the decision in the case of Klein v Lust.

The section then provided that the action could be brought in the county where the injured person resided. It now provides that the action may be brought in the county where the injury occurs.

The amendment in no way affects either the syllabus or the reasoning as found in the decision of Judge Marshall in the case of Klein v Lust.

On page 200 of this opinion Judge Marshall states:

"It will be seen that no courts are mentioned in that section, and that the section does not in any way seek to enlarge or diminish the jurisdiction of any trial court or to give any trial court jurisdiction over any cause of action which it did not possess before that enactment. Injuries caused by the negligent operation of an automobile are not in any wise different from injuries caused by other acts of negligence, and it will not be disputed that justices of the peace have always had jurisdiction over such actions where the amount involved was less than $300 and that Courts of Common Pleas have always had jurisdiction over such actions where the amount involved was more than $100. It is also undisputed that those courts have always had concurrent jurisdiction where the amount involved was between $100 and $300. Strictly speaking, therefore, §6308 GC is purely a venue statute * * *."

On page 201 Judge Marshall further states:

"Justices of the Peace and Courts of Common Pleas have jurisdiction over injuries caused by the negligent operation of automobiles and neither court having been specifically mentioned in §6308 GC, the only construction which could reasonably be put upon the first sentence of that section is that the legislature intended that within the limitations of the jurisdiction of each of those courts, respectively, an injured person may bring his action either before a Justice of the Peace or in the Court of Common Pleas in the township or county of his residence."

The court on pages 202 and 203 of this opinion discusses the questions of venue and of jurisdiction.

This decision has neither been reversed nor modified.

The case of **Yontz v McCutchin, 121 Oh St, 142** in no way modifies the decision in Klein v Lust. That case, as shown by the opinion of Judge Day, is based upon entirely different facts.

We do not think the letter of Thomas, Hyer, Leyland & Stewart of date August 31, 1934 constitutes an entry of appearance for their client. We think the Justice of the Peace has jurisdiction of the subject matter.

In our opinion the relator is not entitled to a writ of prohibition and the alternative writ heretofore issued will be dissolved and the petition of relator dismissed.

HORNBECK, PJ, and BARNES, J, concur.